UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. **12MJ8731** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FINDINGS OF FACT AND** |
| | ) | **ORDER OF DETENTION** |
| William NAVARRO, | ) | |
| | ) | |
| Defendant. | ) | |

In accordance with 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on July 11, 2012, to determine whether defendant, William NAVARRO, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Karla K. Davis appeared on behalf of the United States.  Mayra Gonzalez from Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the criminal complaint issued against the Defendant on July 9, 2012, by the Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

I

FINDINGS OF FACT

A.    Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 12MJ8731 with the importation of 1.08 kilograms (2.38 pounds) of heroin, in violation of Title 21 U.S.C. §§ 952 and 960.  Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801, et seq.).   Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3.   The offense carries with it a minimum mandatory 10-year sentence and a maximum term of life.   See, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 32.   See, USSG § 2D1.1(4).  Assuming the Defendant's criminal history score places him in Criminal History Category III, see, USSG § 4A1.1, the sentencing range for the Defendant is 121-151 months in prison.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1.    On July 6, 2012, Defendant, a United States citizen, entered the United States at the Calexico, California West Port of Entry via pedestrian lanes.   Defendant presented a California birth certificate.   Defendant stated to Customs and Border Protection

2

Officer (CBPO) E. Jacobo he was going to Calexico and was returning from Mexicali, Mexico, where he currently resides. Defendant stated he was on his way to see his probation officer. CBPO Jacobo referred Defendant to pedestrian secondary for further inspection. At secondary, CBPO Jacobo performed a pat-down of Defendant and discovered one package within Defendant's pant leg. The package was probed producing a brown substance, which field-tested positive for heroin. The package had a weight of approximately 1.08 kilograms (2.38 pounds). Defendant admitted knowledge of the narcotics and the attempt to smuggle it into the United States.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>:

    1.   Defendant is a United States citizen.

    2.   Defendant resides in Mexicali, Baja California, Mexico.

    3.   Defendant is unemployed.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

    1.   The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has the following criminal history:

```
04/11/08  - Ct 1: 8 USC § 1324 - Smuggling Aliens
            Ct 2: False Statement to Federal Officer

06/09/08 - Felony on S/R until November 2009

08/22/08 - BW issued

09/25/09 - Supervised Release revoked
           30 days CAG, 2 years TSR

08/25/10 - BW issued

10/14/10 - Supervised Release revoked
           3 months CAG, 24 months TSR

11/30/10 - Status Supervised Release until 11/29/12
```

II

1

<u>REASONS FOR DETENTION</u>

2       A.  There  is   probable  cause  to  believe  that  the  Defendant

3   committed the offense charged in Criminal Complaint Number 12MJ8731,

4   to wit: the importation of 1.08 kilograms (2.38 pounds) of heroin, in

5   violation of Title 21 U.S.C. §§ 952 and 960.

6       B.   The Defendant faces a substantial period of time in custody

7   if convicted of the offense charged in the Complaint.   Therefore, he

8   has a strong motive to flee.

9       C.   The Defendant has not rebutted the presumption, based upon

10   the Court's findings, that there is probable cause to believe that the

11   Defendant  committed  an  offense  for  which  a  maximum  term  of

12   imprisonment  of  10  years  or  more  is  prescribed  in  the  Controlled

13   Substances Act (21 U.S.C. § 801, et seq.), that no condition or

14   combination of conditions will reasonably assure the appearance of the

15   Defendant at future court proceedings.

16                                  III

17                             <u>ORDER</u>

18       IT IS HEREBY ORDERED that the Defendant be detained pending trial

19   in this matter.

20       IT  IS  FURTHER  ORDERED  that  the  Defendant  be  committed  to  the

21   custody of the Attorney General or his designated representative for

22   confinement  in  a  corrections  facility  separate,  to  the  extent

23   practicable, from persons awaiting or serving sentences or being held

24   in custody pending appeal.  The Defendant shall be afforded reasonable

25   opportunity for private consultation with counsel.

26   ///

27   ///

28

1    While in custody, upon order of a court of the United States or

2    upon the request of an attorney for the United States, the person in

3    charge of the correctional facility shall deliver the Defendant to the

4    United States Marshal for the purpose of an appearance in connection

5    with a court proceeding or any other appearance stipulated to by

6    defense and government counsel.

7    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

8    IT IS SO ORDERED.

9    DATED:  July 17, 2012.

10

11                                    HON. RUBEN B. BROOKS
                                      UNITED STATES MAGISTRATE JUDGE
12

     Prepared by:
13

     LAURA E. DUFFY
14   United States Attorney

15

16    s/Karla Davis
     KARLA DAVIS
17   Assistant U.S. Attorney

18   cc:  Mayra Gonzalez
          Federal Defenders of San Diego, Inc.
19

20

21

22

23

24

25

26

27

28

                                      5